NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| James R. MALONEY, Marylee M. MALONEY, and Catherine M. SMITH, on behalf of themselves and others similarly situated, | Civ. No. 09-2047 |
| Plaintiffs, | OPINION |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

THOMPSON, U.S.D.J.

      This matter has come before the Court on Defendant Microsoft Corporation's Motion for Leave to File Documents Under Seal [Docket # 43]; James Maloney, Marylee Maloney, and Catherine Smith's (collectively, "the Plaintiffs'") Motion to Strike a portion of Defendant's expert report [50]; and the Plaintiffs' Motion to Strike an errata sheet submitted by the Defendant [52]. All motions are opposed by the corresponding parties. The Court has decided these motions upon the submissions of the parties and after hearing oral arguments pursuant to Fed. R. Civ. P. 78(a). For the reasons that follow, Defendant's Motion for Leave to File Documents Under Seal will be granted and both of Plaintiff's Motions to Strike will be denied.

    I.    MOTION TO SEAL

      Defendant has filed a Motion for Leave to File Documents Under Seal [43] in this matter. Pursuant to an October 5, 2009 Discovery Confidentiality Order [14], Defendant has assigned the designations of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" to numerous documents produced during discovery. The parties, however, have disagreed over the

application of these designations to certain documents—only six of which are heavily disputed.[1] The parties later submitted, in a joint submission, those confidentiality issues still in dispute, and the Court initially deferred resolving these matters. At this time, the Court will grant Defendant's pending motion.

Courts may issue an order forbidding the disclosure of documents produced during discovery and submitted to the court for purposes of adjudication pursuant to Fed. R. Civ. P. 26(c) where "good cause" is shown. *See Payne v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The burden of establishing "good cause" as to each and every document falls on the moving party. *U.S. v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). What determines "good cause" is a balancing test that weighs both public and private concerns. *Payne*, 23 F.3d at 788.

This balancing approach takes into consideration numerous factors including the following: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Id.* at 787–88; *see also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). This list is not exhaustive and other factors can be considered by the court in the interest of equity. *Payne*, 23 F.3d at 788. District courts have broad discretion in this area.

---

[1] These documents include: Exhibits C, D, E, and F from the Cucker Certification [Docket # 42-2], internal email-chains among Microsoft employees discussing the LCD problems that consumers have had, internal testing, and other related matters; portions of Exhibit A from the Cucker Certification [#42-2], specifically pages 71–74, 85:1–9, 120–121, and 126–131, containing deposition testimony from a Microsoft employee concerning the email-chains in Exhibits C, D, E, and F; and Exhibit I from the Wolf Certification [Docket # 49-1], an internal Microsoft incident report.

The Court is convinced that upon a weighing of the equities in this case, and for reasons stated by the Court during oral arguments on the matter, the Defendant should continue to be permitted to file these documents under seal for the time being. As such, its motion will be granted.

II.   MOTION TO STRIKE EXPERT REPORT

Plaintiffs have filed a Motion to Strike [50] a portion of Defendant's expert witness report. Specifically, this Motion to Strike attempts to strike only one figure—Figure 8 on page 31—from the report written by the Defendant's expert witness, Dr. Dauskardt [48-4]. Because Plaintiffs' motion merely attempts to impeach the credibility of this expert report figure, this motion will be denied.

Federal Rule of Evidence 702 permits a district court judge to act as a gatekeeper in order to ensure that "any and all expert testimony or evidence is not only relevant, but also reliable." *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997). In order to be admissible under Fed. R. Evid. 702, the following requirements must be met: "(1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (citing *Kannankeril*, 128 F.3d at 806). This inquiry is a "flexible" one, and the "focus . . . must be solely on principles and methodology, not on the conclusions they generate." *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579, 595 (1993).

Although the expert testimony must be reliable, this standard for admissibility is considerably lower than the level of absolute correctness. *See Pineda*, 520 F.3d at 247; *see also Kannankeril*, 128 F.3d at 806 ("Admissibility decisions focus on the expert's methods and reasoning; credibility decisions arise after admissibility has been determined."); *Feit v. Great-

3

*West Life & Annuity Ins. Co.*, 460 F. Supp. 2d 632, 641 (D.N.J. 2006) ("[V]ulnerabilities affect the weight of the testimony, not admissibility."). In interpreting the *Daubert* standard, the Court of Appeals for the Third Circuit has stated that "the [Supreme] Court envisioned cases in which expert testimony meets the Daubert standard yet is 'shaky' and cases in which admissible expert testimony provides only a 'scintilla' of support for a claim or defense. Put differently, an expert opinion . . . need not be so persuasive as to meet a party's burden of proof or even necessarily its burden of production." *Heller v. Shaw Indust., Inc.*, 167 F.3d 146, 152 (3d Cir. 1999).

Plaintiffs argue that Dr. Dauskardt's testimony is unreliable because, *inter alia*, Dr. Dauskardt put a rubber cover on the pressure rod used in his tests and he allegedly improperly converted point coordinates between his researcher's data sheet and the figure at issue. These are credibility decisions best left for determination by a jury when it decides how much weight to give this expert report. Therefore, this motion to strike is denied.

III.     MOTION TO STRIKE ERRATA SHEET

Finally, Plaintiffs' have moved to strike the errata sheet attached to Dr. Dauskardt's deposition testimony [52]. For the reasons that follow, this motion will be denied.

At his deposition, Dr. Dauskardt testified as to the designations on the data sheet used to create Figure 8. Initially, Dr. Dauskardt appeared to be confused as to what these designations meant. This is because a member of Dr. Dauskardt's team—and not Dr. Dauskardt personally—performed these visual inspections. During a break in the deposition, however, Dr. Dauskardt called a co-worker who helped Dr. Dauskardt to better understand what these designations meant. After this break, Dr. Dauskardt clarified his early confusion on the record. The errata sheet submitted by Defendant attempts to correct this early confusion so that it coincides with his later testimony. It appears as though everyone that was present at Dr. Dauskardt's deposition had a clear understanding of these facts.

4

A submission of an errata sheet is governed by Fed. R. Civ. P. 30(e). Generally speaking, a party must request an opportunity to review the transcript prior to completion of the deposition. *See, e.g.*, *EBI, Inc. v. Clark Bldg. Sys.*, 618 F.3d 253, 265 (3d Cir. 2010). This rule, however, does not make sense as applied to the particular context of this case. During Dr. Dauskardt's testimony, he was clearly confused as to the meaning of the data sheet used to create Figure 8. However, once he had a better idea of what he was looking at, Dr. Dauskardt corrected his mistake during the deposition itself. The technical requirements of Rule 30(e) are simply not justifiable or appropriate in this context—i.e., a context in which a correction is made on the record later on in the deposition. Plaintiffs are not prejudiced in any way by the use of the errata sheet because their counsel is free to cross-examine Dr. Dauskardt about this deposition testimony at trial; the errata sheet does not prevent impeachment using the initial, unedited transcript. Therefore, this motion is denied.

IV.     CONCLUSION

For the reasons stated above, Defendant's Motion for Leave to File Documents Under Seal [43] is granted, and both of Plaintiff's Motions to Strike [50, 52] are denied. An appropriate Order will follow.

          */s/ Anne E. Thompson*
          ANNE E. THOMPSON, U.S.D.J.

Date: November 4, 2011